PARKINSON *vs.* PARKINSON.

*In the matter of the Estate of* WILLIAM S. PARKINSON, *deceased.*

The testator gave to his widow a legacy of one thousand dollars, out "of money in the safe-keeping of R. S., at lawful interest." This, with other gifts, was declared to be in lieu of dower. By a codicil, after reciting that by his will she was "cut short of an interest" in his landed estate, he gave her the annual interest on two thousand dollars, loaned to B. C. Held, that all the legacies were intended as compensation for dower, and carried interest from the testator's death, on the ground that they were given as an equivalent for the relinquishment of a right, and the legatee had no other means of support under the will. Held, also, that the legacies were in the nature of specific bequests, so that the accruing interest passed to the donee on the testator's decease.

The testator gave his wife the use, for three years, of his house, either to occupy or to let, and at the expiration of that time directed the premises to be sold by his executors, and the proceeds to be divided between his two sons. Held, that the widow was bound to keep down the ordinary taxes during the term.

JOSEPH WALLIS, *for Executors.*
WILLIAM S. SEARS, *for Widow.*

THE SURROGATE.—On the final accounting of the executor, a question has arisen, as to the right of the widow of the testator to interest on certain legacies from the date of the testator's death.

The first legacy is a bequest to her of one thousand dollars out "of money in the safe-keeping of Mr. Robert Stewart," "at lawful interest." This, and other gifts in the will to the same party, are declared to be in lieu and bar of her dower. By a codicil, the testator directed as follows: "Whereas, my wife is, by my will, cut short of an interest in my landed estate, I hereby leave to her, to be disposed of as she may choose, the one hundred and forty dollars annual interest, as it shall become due, on the two thousand dollars loaned to the trustees of the First Baptist Church, of this city, during her life-time, or so long as she remains my widow." The reason assigned for this bequest is substantially the same as if he had referred, in so many words, to his wife's dower, of which she was barred; the intention being to give this additional legacy in lieu of what he had previously taken away, and as a sort of compensation for it.

Legacies generally carry interest only from the time they become payable, that is, at the end of a year, when no other period is fixed. There are exceptions to this rule, but they do not apply to the case of a wife (*Stent* vs. *Robinson*, 12 *Vesey*, 461), unless the legacy is a gift of a life-estate in the residue, or be given to her in lieu of dower. In the present instance the legacies are given with that object, and that circumstance entitles her to interest from the death of the testator ( *Williamson* vs. *Williamson*, 6 *Paige*, 305), on the ground that the bequest is given as an equivalent for the relinquishment of a right, and the legatee has no other means of support from the bounty of the testator. It is analogous to a legacy in satisfaction of a debt, which always carries interest from the death of the testator. (*Clarke* vs. *Sewell*, 3 *Atk.*, 99.) Besides, the first legacy being of " one thousand dollars *out* of money in the

PARKINSON *vs.* PARKINSON.

safe-keeping of Mr. Robert Stewart," " at lawful interest ;" and the last being " the one hundred and fifty dollars annual interest, as it shall become due on the two thousand dollars loaned," &c.,—these are in the nature of *specific* gifts (*Wms. on Exrs.*, 1003); and specific legacies are considered as separated from the general estate, and appropriated at the time of the testator's death, so that the accruing produce, dividends, or interest, passes to the donee. (*Wms. on Exrs.*, 1221.)

The testator gave his wife " the use," " for three years," of his house in Frankfort-street, " either to occupy or to let, as she may prefer," and at the expiration of that period he directed the property to be sold by his executor, and the proceeds to be divided between his two sons. The question is, who shall pay the taxes on these premises. The will is silent on the point. I think the tenant is bound to keep down the accruing charges on the property, where he takes by gift and not by contract. Not to do so, would be in the nature of permissive waste. The party enjoying the present use and possession of property should keep the estate clear of such burdens as arise from the ordinary annual taxes, and not throw them upon the reversion.