## LAWRENCE *vs.* HOLDEN.

*In the matter of the Estate of* ALEXANDER LAWRENCE, *deceased.*

WHERE the testator by his will gave his wife, " free and clear of all incumbrances," the use of a dwelling-house for life; and in case she requested it, directed the property to be sold, the proceeds invested, and the interest, income, and dividends to be applied to her use for life.—*Held,* that the executors were not bound to pay the current taxes and assessments out of the testator's general estate. The general rule is, that the life-tenant must keep down the accruing charges unless in case of assessments which constitute a permanent improvement, and to constitute an exception to the rule requires a clear provision. The words " free and clear of all incumbrances," in the devise in question, refer to incumbrances which might exist at the testator's death, and not to the mode of enjoyment by the life-tenant.

It always requires an express provision to disturb the rule of law that separate funds must bear their respective charges.

W. R. BEEBE, *for Widow.*
HORACE HOLDEN, *Executor in person.*

THE SURROGATE. The testator devised to his wife, "free and clear of all incumbrances," his dwelling-house in Thirtieth-street in this city, " to have and to hold the same to her own use, during the term of her natural life;" and in case she should request it to be sold, he directed his executors to

sell, and to invest the proceeds, and "to apply all the interest, dividends, and income to accrue from such investment," to the use of his wife during her natural life. He then bequeathed to his wife the income for life of one thousand dollars, and after sundry legacies, left all the residue of his estate in trust for his daughter and her children. It is contended on the part of the widow, that the executors are bound to pay the current taxes and assessments upon the dwelling-house devised to the widow for life. My opinion is otherwise. The general rule undoubtedly compels the life-tenant to keep down accruing charges on the estate, unless in case of assessments which constitute a permanent improvement. To constitute an exception to that rule, requires a clear provision. This is supposed to be contained in the words "free and clear of all incumbrances," but, generally, a will is interpreted as taking effect at the testator's decease, unless the language gives it a future effect. Besides, it is observable that the phrase "free and clear of all incumbrances" is connected with the devise, and not with the mode of enjoyment: "I give and devise to my said wife, free and clear of all incumbrances." If the expression had been "to have and to hold the same to her own use, *free and clear of all incumbrances* during the term of her natural life," there would have been more room for argument. But the first clause of the will explains definitely the intention of the testator conveyed in the words, "free and clear of all incumbrances." He there says, "I order and direct that any mortgages or other incumbrances on my said house in Thirtieth-street, and all my *other* just debts, shall be fully paid and discharged out of my estate as soon as conveniently may be after my decease." It is very apparent from this, that by incumbrances he meant only such as existed at the time of his death, such as were then owing as debts by him. Again, taking the whole scope of the will, and the particularity with which provision is made in detail for various contingencies, it is remarkable, if he intended the executors to keep down the taxes on the dwelling-house, that he did not provide a fund

for that purpose. Such a direction, if it had been made, would have required a continuing trust during her life, the charge being annual and not occasional. No such fund is provided, the house itself is devised directly to the wife, and the whole residue of the estate is given over to his daughter and her children. The provision, that on the sale of the house, the executors are to apply " all the interest, dividends, and income" to accrue " from the proceeds when invested, to the use of his wife," means no more than the income after paying all lawful charges, executors' commissions and taxes, if there be any. It always requires an express provision to disturb the rule of law that separate funds must bear their respective charges. To place the burden properly belonging to one, upon another, can be effected only by clear words. " All the income " means no more than the income. For these reasons I am entirely satisfied that the widow cannot resort to the testator's residuary estate, for the exoneration of her lands from taxes accruing since her husband's decease.