### BETSEY POLLARD *vs.* LUTHER F. POLLARD.

A widow to whom a legacy is given in lieu of dower is entitled to be paid in full, in case of a deficiency of assets, in preference to legatees who are mere volunteers; and to receive interest thereon from the death of the testator, if he has provided no other means for her support during the first year after his death.

CONTRACT against the executor of the will of Jacob Pollard, to recover a legacy. The following facts were agreed in the superior court.

The will of the late Jacob Pollard was admitted to probate on the 30th of June 1857, in which he appointed the defendant as executor thereof, and directed him to convert all his real estate and personal property into money ; and bequeathed to the plaintiff, who was his widow, the sum of $3800 in lieu of dower, or any distributive share in his estate, and on the express condition that she should release all her right and title thereto ; and made various other specific bequests. The provisions of the will were accepted by the plaintiff, but the estate proved insufficient to pay all the specific legacies in full.

The case was submitted with the agreement that, if the plaintiff was entitled to receive her legacy in full, judgment should be so entered ; but, if she was only entitled to share with the

other legatees, then the case should be referred to an assessor, to determine the amount due to her. Upon these facts judgment was ordered for the full amount of the legacy, and the defendant appealed.

*H. A. Johnson,* for the defendant, submitted the case without argument.

*N. St. J. Green,* for the plaintiff.

BIGELOW, C. J. The bequest in this case to the widow of the testator is made in express terms in lieu of dower, and on condition that she relinquishes all her right and title thereto.

A wife cannot be deprived of her dower except by her own consent. Therefore, when she accepts a provision in her husband's will as a substitute for this existing legal right, the law regards her as standing in the light of a purchaser for a valuable consideration, and entitled to receive the whole of the sum given by the will, for which she has relinquished her life estate in one third of the testator's real estate, in preference to other legatees, who, being only objects of the bounty of the testator, and not having any legal claim on his estate, are regarded as volunteers, and are not allowed to take until the widow has received the full amount of the bequest to her. If, therefore, the whole estate is insufficient to meet all the legacies in the will, the widow is to be paid in full, and the other legacies must be abated proportionably. *Hubbard* v. *Hubbard,* 6 Met. 50. Williams on Executors, 839.

We think the plaintiff is entitled to interest on the sum given to her by the will from the death of the testator. The case falls within the principle of an exception to the general rule, that interest is not to be paid on legacies until after the expiration of one year from the death of the testator. That exception is that, where money is given by will for the maintenance and support of a minor child of the testator who has no other means of support, interest is allowed from the death of the testator; because in such case the presumption is that the testator intended that such support and maintenance should commence immediately after his decease. The same presumption exists when a legacy is given to a widow in lieu of dower, and no

other means of support, during the first year after the death of the testator, are provided by the will. *Williamson* v. *Williamson,* 6 Paige, 298, 305. *Judgment for the plaintiff.*