Nott, J.,
delivered the opinion of tbe court:
The claimant was tenant for life in 1863 and in possession of' certain real property in Beaufort, S. C., more particularly described in her petition. The property was sold for direct taxes, on the 13th of March, 1863, and struck off to the Cntied States for $525. The amount of taxes, penalty, costs, and interest then due was $94.07. The claimant seeks to recover the surplus now in the Treasury, amounting to $425.93.
The rule is well settled that taxes must be paid by the life tenant. (Lawrence v. Holden, 3 Bradf., 142; Parkinson v. Parkinson, 2 Bradf., 77; Cairns v. Chabert, 3 Edwd. Chy., 312; Pinckney v. Pinckney, 1 Bradf., 276; Peck v. Sherwood, 56 N. Y., 615; 1 Washburne on Real Property, 112.)
But whether by the law: of South Carolina it was the duty of a tenant for life to keep down the taxes, and whether by allowing the property to be sold for taxes the life estate was forfeited and extinguished, are questions which the court does-not decide.
The defendants hold in their Treasury, under an implied trust,, a sum of money which, in the language of the Act 5th August, 1861 (12 Stat. L., 304, § 36), is to be held “for the use of the-owner or his legal representatives.” By the term “owner” is. necessarily intended every person having an estate in the realty.
In this case the claimant had a life estate, and if that estate was not extinguished by her laches she has an interest in the-surplus fund. But the remainderman also had an estate in. the realty and he undoubtedly has an interest in the surplus, and the court cannot pass upon the interest of either owner in the absence of the other. Every party having had an estate in the land has an interest in the fund, and every party having an interest in the fund is a necessary party’ in an action to-recover the fund.
This is a case where the members of the court again regret, that no power has been granted by Congress which would enable the court to bring in necessary parties, and marshal assets,, and settle conflicting rights as a court of equity. B at in the-absence of such powers the court must hold that the action cannot be maintained by the claimant alone.
The judgment of the court is that the petition be dismissed..