NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—May, 1887.

MATTER OF FOGG.

*In the matter of the estate of* WILLIAM H. FOGG, *deceased.*

The rule whereby a legacy to a testator's widow, in lieu of dower, draws interest from the death of testator will be adhered to where the legatee, being also executrix, has, for the purpose of paying the legacy,

converted securities left by the testator, provided no other funds were on hand available for the purpose, and proper regard was had to the interests of those entitled to the residue.

Matter of Gerard, 1 *Dem.*, 244—distinguished.

HEARING of exceptions to report of referee, to whom were referred the account, and objections thereto, of the executors of decedent's will, in proceedings for judicial settlement.

JOSEPH W. HOWE, *for executors.*

CHARLES E. HILL, *for other parties.*

THOMAS GREENWOOD, *special guardian.*

THE SURROGATE.—I am referred to no reported decision in this State which dissents from the doctrine of the cases cited below, that a legacy given by a testator to his widow, in lieu of dower, draws interest from his death, in the absence of some express or implied directions in his will to the contrary (Parkinson v. Parkinson, 2 *Bradf.*, 77 ; Seymour v. Butler, 3 *id.*, 193 ; Williamson v. Williamson, 6 *Paige*, 298, 305 ; Matter of Combs, 3 *Dem.*, 348 ; Pollard v. Pollard, 83 *Mass.*, 490). I find nothing in the terms of the will here under consideration calculated to take the legacy to this testator's widow out of the operation of the general rule as above stated.

The sums that have from time to time been applied to the satisfaction of the legacy in question seem to have been obtained by converting into money certain stocks, bonds and other securities left by the testator. It is not claimed that the accounting parties (one of whom is the legatee herself) made injudicious or improper selection of the time for effecting this conver-

sion, or that such conversion was delayed in order that Mrs. Fogg might thereby gain some personal advantage, or that the best interests of the residuary legatees have not been at all times subserved by the course which the executors have pursued. Nor does it appear that, at the times when the several payments were made to Mrs. Fogg on account of her legacy, there were other funds in the hands of the accounting parties available for that purpose. In the latter circumstance alone, abundant reason is found for holding the decision in Matter of Gerard (1 *Dem.*, 244) inapplicable to the present situation. The objection that no interest should be allowed on the legacy to Mrs. Fogg since the expiration of a year from the testator's death must, therefore, be overruled.